IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eddie Arnold Gore,                ) | Civil Action No. 3:10-01885-MBS |
| ) | |
| Plaintiff,        ) | |
| v.                                ) | |
| ) | |
| South Carolina Department of      ) | **ORDER AND OPINION** |
| Corrections; Robert Ward, in his  ) | |
| individual capacity; and Robert M. ) | |
| Stevenson, in his individual capacity,) | |
| ) | |
| Defendants.    ) | |
| _____) | |

Plaintiff Eddie Arnold Gore ("Plaintiff") filed this action against his employer, the South Carolina Departmant of Corrections ("SCDC"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. (ECF No. 1.) Plaintiff further asserts claims pursuant to 42 U.S.C. §§ 1983 and 1985 against two employees of the SCDC, Robert Ward ("Ward") and Robert M. Stevenson ("Stevenson"), in their individual capacities. (Id.) This matter is before the court on a motion for summary judgment pursuant to Fed. R. Civ. P. 56 by the SCDC, Ward, and Stevenson (collectively "Defendants"), which motion was filed on December 8, 2011. (ECF No. 46.) Plaintiff opposes Defendants' motion, asserting that Defendants have failed to show that they are entitled to judgment as a matter of law on his claims. (ECF No. 52.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On April 16, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendants' motion in its entirety. (ECF No. 56.) Plaintiff filed objections

1

to the Report and Recommendation asking the court to reject the Magistrate Judge's recommendation. (ECF No. 59.) For the reasons set forth below, the court adopts the Report and Recommendation of the Magistrate Judge and **GRANTS** Defendants' Fed. R. Civ. P. 56 motion for summary judgment as to Plaintiff's claims.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate. The court adopts this summary as its own, and will only reference facts pertinent to the analysis of Plaintiff's claims.

Plaintiff began his employment with the SCDC as a correctional officer at the Perry Correctional Institution in Pelzer, South Carolina. (ECF No. 46-2, p. 2.) In October 2005, Plaintiff was promoted to major at the Broad River Correctional Institution ("Broad River") in Columbia, South Carolina, which facility is a level three maximum security prison for housing long-term and/or violent offenders. (ECF No. 53-1, pp. 5-8.) As a major, Plaintiff's duties included investigating institutional security concerns, conducting inmate disciplinary hearings, training staff personnel, and observing inmates in their prison habitats. (Id. at p. 30.) In October 2006, Stevenson became warden at Broad River. (ECF No. 53-2, p. 2.) As warden at Broad River, Stevenson instructed Plaintiff to allow the institutional investigator, David Hurt ("Hurt"), to handle all security investigations. (ECF No. 53-1, p. 30.)

On or around July 20-22, 2007, inmate Bruce Hayes ("Hayes") communicated to Plaintiff that a fellow inmate, Forrest Samples ("Samples"), had revealed his plan to escape Broad River to Hayes. (ECF Nos. 53-1, pp. 14, 16; 46-3, p. 20.) At the time of Hayes' revelation about

Samples, Plaintiff was busy conducting disciplinary hearings for other inmates and had reason to doubt the veracity of Hayes' statement about Samples. (ECF No. 53-1, pp. 17, 21.) Nevertheless, Plaintiff responded to Hayes' information by sending unnamed officers to perform a "shakedown" or surprise raid on the prison cells of Hayes and Samples. (Id. at p. 16.) Plaintiff further asked Captain Sharonda Sutton ("Sutton") and Lieutenant Kenneth Spann ("Spann") to perform additional investigation regarding Hayes' claims while Plaintiff finished his disciplinary hearings. (Id. at p. 19.) Finally, Plaintiff asked Contraband Sergeant Toland to take a note to Hurt and asked Sutton to send a message to Stevenson. (Id. at pp. 14, 20.) Plaintiff did not follow-up with Hurt or Stevenson to ensure that they received Hayes information regarding Samples. (Id. at pp. 14-15, 23-25.)

On August 14, 2007 at approximately 6:50 p.m., a perimeter fence alarm sounded at Broad River. (ECF No. 46-3, p. 9.) Prison officials responding to the alarm found two ladders at the alarm site. (Id.) Immediately thereafter, an institutional roll call count was conducted which revealed that two inmates, Samples and Andrew Storey ("Storey"), were unaccounted for and had presumably escaped (the "August 2007 escape incident"). (Id.) Storey was apprehended at approximately 11:45 p.m. on August 14, 2007 and Samples was apprehended at approximately 7:30 p.m. on August 15, 2007. (Id.) Plaintiff was not at the institution when the escape occurred, but heard about it shortly afterward. (Id. at p. 11.)

As a result of the August 2007 escape incident, the SCDC's Division of Investigations conducted an investigation and summarized its findings in a report issued on October 22, 2007. (Id. at pp. 9–16.) On November 15, 2007, Bart Vincent ("Vincent"), an attorney in the SCDC's Office of General Counsel, sent an e-mail expressing his thoughts on the August 2007 escape incident to Ward, the SCDC's Deputy Director of Operations. (ECF Nos. 46-3, p. 17; 1, p. 1.)

Vincent stated his belief to Ward that there was credible information that Samples was going to escape and that Plaintiff had failed to follow protocol and policy, which procedure required that the inmate be locked up to investigate the matter further. (Id.) Therefore, Vincent advised Ward that minimally Plaintiff needed to be demoted, and more severe sanctions should not be foreclosed from consideration. (Id.)

A corrective action review meeting was held on January 15, 2008 to determine the discipline Plaintiff would receive after the August 2007 escape incident. Plaintiff was charged with "Negligence in Carrying Out Job Responsibilities in a Security Setting" as a result of the August 2007 escape incident. (ECF No. 46-3, p. 18.) As a result of the charge, Plaintiff was reassigned from major to captain and was transferred from Broad River to the Manning Correctional Institution ("Manning") in Columbia, South Carolina, effective February 2, 2008. (Id.) By letter dated January 18, 2008, Stevenson explained to Plaintiff the reasons for the reassignment and why the reassignment was not grievable because Plaintiff's state classification title, pay band and salary did not change. (ECF No. 46-3, p. 19.)

On February 11, 2008, Plaintiff filed a grievance report with SCDC's Employee Relations Branch. (ECF Nos. 46-6, p. 2; 53-3, p. 12.) By letter dated February 12, 2008, Robin M. Gracien, chief of the Employee Relations Branch, informed Plaintiff that the SCDC's policy provided that reclassifications, reassignments and transfers within the same pay band were not grievable adverse employment actions. (ECF No. 53-3, p. 14.) However, Plaintiff's reassignment did cause him to lose a pay escalator, which enhancement came from working at a level three maximum security prison and for being on the execution team. (ECF 53-1, p. 29.) Plaintiff remains employed by the SCDC as a captain at Manning. (ECF No. 53-1, pp. 2-3.)

On January 29, 2009, Plaintiff filed a charge of race discrimination and retaliation with

the South Carolina Human Affairs Commission ("SCHAC") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he was "denied a promotion from Captain to Associate Warden" because of "a previous demotion which I believe was racially discriminatory" and for complaining "about the discriminatory treatment." (ECF No. 46-2, p. 69.) After filing his charge, Plaintiff commenced this action on July 20, 2010. (See ECF No. 1.) Plaintiff's complaint was answered by Ward on August 5, 2010, Stevenson on August 11, 2010, and the SCDC on August 23, 2010. (ECF Nos. 5, 7, 9.) On December 8, 2011, Defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56 as to Plaintiff's claims. (ECF No. 46.) Plaintiff filed opposition to Defendants' motion on January 31, 2012, to which Defendants filed a reply in support of the motion on February 10, 2012. (ECF Nos. 52, 54.)

## II. LEGAL STANDARD AND ANALYSIS

### A. Standard

#### 1. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

## 2. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Community College of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

3. Claims of Discrimination under Title VII

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). A plaintiff can establish claims of discrimination under Title VII in one of two ways, either by directly showing that discrimination motivated the employment decision, or, as is more common, by relying on the indirect, burden-shifting method set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Pursuant to this burden-shifting framework, once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for its employment action. Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010). If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason for its employment action, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the proffered reason was "not its true reason[ ], but [was] a pretext." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Though intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuasion that the defendant engaged in intentional discrimination remains at all times with the plaintiff. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000).

4. Claims of Discrimination pursuant to 42 U.S.C. § 1983

42 U.S.C. § 1983 is the vehicle by which individuals make legal claims for violations of their federal rights. See Kendall v. City of Chesapeake, 174 F.3d 437, 440 (4th Cir. 1999). To establish a cause of action under § 1983, a plaintiff must allege: (1) the violation of a right protected by the Constitution or laws of the United States, and (2) that the defendant was acting

7

under color of law.[1] Parratt v. Taylor, 451 U.S. 527, 535 (1981). Claims of discrimination under § 1983 are subject to the same analysis as those arising under Title VII. Holder v. City of Raleigh, 867 F.2d 823, 828 (4th Cir. 1989); Gairola v. Commonwealth of Va. Dep't of Gen. Serv., 753 F.2d 1281, 1285 (4th Cir. 1985).

     5.     Conspiracy Claims pursuant to 42 U.S.C. § 1985

To state a conspiracy claim under 42 U.S.C. § 1985, a plaintiff must prove the following: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. A Soc'y Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)). Moreover, the plaintiff "'must show an agreement or a meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights.'" Id. (quoting Simmons, 47 F.3d at 1377). The court must reject § 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts. Id. Rather, the plaintiff must demonstrate with specific facts that the defendants were motivated by a specific class-based, invidiously discriminatory animus to deprive the plaintiff of the equal enjoyment of rights secured by the law to all. Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009) (quoting Simmons, 47 F.3d at 1376).

---

[1] 42 U.S.C. § 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

**B. Analysis**

1. Plaintiff's Claim of Race Discrimination

Plaintiff filed this action, alleging that the SCDC unlawfully discriminated against him because of his race by failing to promote him and by subjecting him to disparate and discriminatory treatment different from that experienced by similarly situated white employees.

*a. Discrimination based on Disparate Treatment*

Plaintiff asserts that he suffered discriminatory disparate treatment in violation of Title VII when he was demoted and reassigned after the August 14, 2007 escape incident at Broad River. To establish a prima facie case of disparate treatment under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004). In the absence of other evidence of unlawful discrimination, a plaintiff must show that (1) he engaged in conduct similar and/or comparable to that of a non-protected employee, and (2) disciplinary measures enforced against him were more severe than those enforced against a non-protected employee. Lightner v. City of Wilmington, N.C., 545 F.3d 260, 264-265 (4th Cir. 2008) (citing Moore v. City of Charlotte, N.C., 754 F.2d 1100, 1105-06 (4th Cir. 1985) (adapting the McDonnell Douglas framework to the employee discipline context)); Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993).

Upon her review, the Magistrate Judge found that Plaintiff failed to establish a prima facie case of discrimination based on disparate discipline because he could not show that "the

conduct in which he engaged was comparable in seriousness of employees outside the protected class." (ECF No. 56, p. 7.) Moreover, even if Plaintiff could establish a prima facie case of discrimination based on disparate discipline, the Magistrate Judge concluded that the SCDC met its burden under <u>McDonnell Douglas</u> to produce evidence from which a jury could conclude that Defendant had a legitimate, nondiscriminatory reason for Plaintiff's demotion and resassignment. (<u>Id.</u> at p. 8.) In this regard, the Magistrate Judge found that Plaintiff could not demonstrate a genuine issue of material fact as to whether the SCDC's proffered reason for demoting Plaintiff was merely a pretext for discrimination. (<u>Id.</u>) Specifically, the Magistrate Judge identified Plaintiff's inability to dispute that the SCDC perceived Plaintiff as negligent in performing his job duties, and it is the decision-maker's perception of Plaintiff's job performance, not the perception of the employee, that is determinative. (<u>Id.</u> at pp. 8-9 (citing <u>King v. Rumsfeld</u>, 328 F.3d 145, 149-151 (4th Cir. 2003)).) Therefore, the Magistrate Judge recommended granting Defendants' motion for summary judgment on Plaintiff's race discrimination claim related to his demotion. (<u>Id.</u> at p. 9.)

In his objections to the Magistrate Judge's recommendation, Plaintiff asserts that the Magistrate Judge erred in finding that "Plaintiff failed to show that the alleged comparators engaged in conduct of comparable seriousness and received less severe disciplinary action." (ECF No. 59, p. 2.) In support of his assertion, Plaintiff argues that the Magistrate Judge erroneously concluded that Plaintiff failed to follow protocol as to reporting a potential escape up the chain of command. (<u>Id.</u>) Plaintiff further argues that he was similarly situated to the comparators he proffered, all white males who were not demoted after escapes occurred, because he did follow protocol and was not present when the August 2007 escape incident occurred. (<u>Id.</u> at p. 3.)

In addition to the foregoing, Plaintiff also asserts that the Magistrate Judge failed to consider his evidence of pretext established by the negligent investigative actions of Stevenson and Hurt, which conduct directly contributed to Samples and Storey's escape. (ECF No. 59, pp. 3-4.) Plaintiff contends that prior to the escape, he had been stripped of his investigative duties, which responsibilities were given to Hurt by Stevenson. (Id. at p. 4.) Moreover, Stevenson and Hurt refused to "keep the Plaintiff in the loop and make him privy to the fact that the shake downs and inmate interviews were going on." (Id. (citing ECF No. 53-1, pp. 46-47.)) Plaintiff argues that Stevenson and Hurt's actions show pretext because they had incentive "to pin the knowledge of the escape on Plaintiff and not themselves." (Id.) As a result of this evidence of pretext, Plaintiff urges the court to reject the Magistrate Judge's recommendation and deny the SCDC's motion for summary judgment.

To survive a motion for summary judgment, the plaintiff has to come forward with sufficient evidence to demonstrate that the legitimate reason offered by the defendant was not its true reason, but was a pretext for discrimination. "The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." Anderson v. Ziehm Imaging, Inc., C/A No. 7:09-02574-JMC, 2011 WL 1374794, at *5 (D.S.C. Apr. 12, 2011) (citing Stewart v. Henderson, 207 F.3d 374, 376 (7th Cir. 2000)). "The ultimate question is whether the employer intentionally discriminated and proof that the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that [plaintiff's] proffered reason . . . is correct . . . [i]t is not enough to disbelieve the [employer]." Love-Lane v. Martin, 355 F.3d 766, 788 (4th Cir. 2004) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-47 (2000)) (internal citations omitted). Rather, the plaintiff must demonstrate that a reasonable jury could "believe [his] explanation of intentional race

11

discrimination." Id.

The court agrees with the Magistrate Judge that there is insufficient evidence to support a finding that Plaintiff's demotion and reassignment following the August 14, 2007 escape incident at Broad River was motivated by his race. The court finds that Plaintiff's evidence as highlighted in his objections to the Magistrate Judge's Report and Recommendation does not rise to the level necessary to establish that his race actually played a role in the decision-making process and had a determinative influence on the outcome. In this regard, the court does not find merit in Plaintiff's argument that pretext is established because Stevenson and Hurt had incentive "to pin the knowledge of the escape on Plaintiff and not themselves." (See ECF No. 59, p. 4.) The court's sole concern at the pretext stage is whether "the reason for which the defendant [demoted and reassigned] the plaintiff was discriminatory." Love-Lane v. Martin, 355 F.3d 766, 788 (4th Cir. 2004) ("Because, on the one side, there is substantial evidence that the defendants' articulated justifications for Love-Lane's dismissal were not pretext for race discrimination and, on the other side, there is only Love-Lane's unsupported opinion that her reassignment was based on improper discriminatory intent, we cannot conclude that she has proffered evidence of pretext sufficient to withstand the defendants' motion for summary judgment on the discrimination claims."). Based on the foregoing, the Magistrate Judge correctly found that Plaintiff has not produced sufficient evidence to meet his burden of proving that the reasons asserted for his demotion and reassignment were a pretext for race discrimination. Accordingly, Plaintiff's Title VII disparate treatment claim fails as a matter of law and summary judgment should be granted to the SCDC on this cause of action.

      *b.       Discrimination based on the Failure to Promote*

Plaintiff alleges that the SCDC unlawfully discriminated against him because of his race

by failing to hire him in October 2008 for two associate warden positions - one at McCormick Correctional Institution and one at Broad River - which positions were ultimately filled by individuals who were Caucasian. (ECF No. 46-2, p. 55.) To prove a prima facie case of discriminatory failure to promote under Title VII, a plaintiff must prove that (1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 268 (4th Cir. 2005).

Upon her review, the Magistrate Judge found that Plaintiff established a prima facie case of discriminatory failure to promote. (ECF No. 56, p. 9.) However, the Magistrate Judge also found that the SCDC's reason for not promoting Plaintiff, i.e., because he did not rank in the top 5 candidates for either of the positions, was a legitimate, nondiscriminatory reason. (Id. at p. 10.) After considering the entire record, the Magistrate Judge concluded that Plaintiff did not present sufficient evidence of pretext to avoid summary judgment regarding his claim for discriminatory failure to promote. (Id. at p. 11.) Therefore, the Magistrate Judge recommended granting the SCDC's motion for summary judgment regarding Plaintiff's claim for discriminatory failure to promote. (Id.)

In his objections to the Magistrate Judge's recommendation, Plaintiff asserts that the Magistrate Judge failed to consider evidence of pretext established by (1) the manipulative interviewing and hiring practices of Stevenson and Ward, which custom resulted in Plaintiff being denied for 29 positions for which he had applied. (ECF No. 59, pp. 4-5.) Moreover, with regard to the two positions in question in this litigation, Plaintiff asserts that a white male was chosen to fill both positions. (Id. at p. 5.) Therefore, Plaintiff argues that it is reasonable to infer

that Ward and Stevenson manipulated the system, "since it would have been easy for the interviewers to adjust the numbers they subjectively assign to each candidate." (Id.) As a result, Plaintiff urges the court to reject the Magistrate Judge's recommendation and deny Defendants' motion for summary judgment.

Upon the court's review, there is insufficient evidence to support a finding that the SCDC's decision to not hire Plaintiff to either of the associate warden positions was motivated by his race. The court finds that Plaintiff's evidence does not rise to the level necessary to establish that his race actually played a role in the decision-making process and had a determinative influence on the outcome. In this regard, the court does not find merit in Plaintiff's argument that Stevenson and Ward manipulated the candidate evaluations to ensure that a white male was chosen over Plaintiff. (See ECF No. 59, p. 5.) Based on the foregoing, the Magistrate Judge correctly found that Plaintiff has not produced sufficient evidence to meet his burden of proving that the reasons asserted for failing to promote him were a pretext for race discrimination. Accordingly, Plaintiff's Title VII failure to promote claim fails as a matter of law and summary judgment should be granted to the SCDC on this cause of action.

2. Plaintiff's Claim Pursuant to 42 U.S.C. § 1983

Plaintiff alleges that Stevenson and Ward "acted to deprive [him] of his civil rights guaranteed to him under 42 U.S.C. § 1983." (ECF No. 1, p. 3.) Specifically, Plaintiff contends that Stevenson and Ward discriminated against Plaintiff because of his race. (Id.)

Upon her review, the Magistrate Judge, pursuant to the same reasoning employed in recommending summary judgment on Plaintiff's discrimination claims, recommended granting Defendants' motion for summary judgment on Plaintiff's § 1983 discrimination claim. (Id. at p. 11 (citing Lightner v. City of Wilmington, N.C., 545 F.3d 260, 263 n. * (4th Cir. 2008)).)

In his objection to the Magistrate Judge's recommendation, Plaintiff contends that the evidence in support of his Title VII claims establishes the error in the Magistrate Judge's finding that Plaintiff's § 1983 claim was meritless. (ECF No.59, p. 5.)

The court previously agreed with the Magistrate Judge's finding that Plaintiff's evidence did not establish a claim of race discrimination under Title VII. The court further agrees with the Magistrate Judge that Plaintiff's evidence does not establish a § 1983 claim of race discrimination against Stevenson and Ward. Accordingly, Stevenson and Ward are entitled to summary judgment on Plaintiff's discrimination claim pursuant to 42 U.S.C. § 1983.[2]

3. Plaintiff's Claim Pursuant to 42 U.S.C. § 1985

Plaintiff contends that Stevenson and Ward "met, planned, schemed and conspired to directly and indirectly deprive" Plaintiff of "his right not to be discriminated against because of race." (ECF No. 1, p. 4.) As a result, Plaintiff claims that he was damaged in violation of 42 U.S.C.§ 1985. (Id.)

The Magistrate Judge found that Plaintiff did not proffer sufficient evidence to establish a claim for conspiracy pursuant to 42 U.S.C. § 1985. (ECF No 56, p. 12.) Specifically, the Magistrate Judge found that Plaintiff failed to substantiate his allegations that Defendants' actions, their relationship, and interests showed that they were engaged in a conspiracy to deprive Plaintiff of his rights. (Id.) The Magistrate Judge further found that Plaintiff failed to allege an overt act in furtherance of the conspiracy. (Id.) As a result, the Magistrate Judge recommended granting the motion for summary judgment of Stevenson and Ward on Plaintiff's § 1985 conspiracy claim. (Id.)

Plaintiff objects to the Magistrate Judge's recommendation, asserting that the

---

[2] This finding precludes the court from having to address Defendants' argument that even if Plaintiff could establish claims pursuant to § 1983 and/or § 1985, Defendants would be entitled to qualified immunity. (ECF No. 46-1, pp. 27-29.)

aforementioned negligent conduct of Stevenson and Hurt also establishes Plaintiff's § 1985 claim for conspiracy to deny equal protection claim. (ECF No. 59, p. 5.) As a result, Plaintiff urges the court to reject the Magistrate Judge's recommendation and deny Stevenson and Ward's motion for summary judgment.

Upon the court's review, the record lacks legitimate evidence to support Plaintiff's claim of a § 1985 conspiracy between Stevenson and Ward to deprive Plaintiff of his constitutional right to be free from race discrimination. The court finds that Plaintiff's conspiracy claim consists of conclusory allegations and lacks concrete facts. In this regard, the evidence of record fails to support the conclusion that Stevenson, Ward, or any other employee of the SCDC acted jointly in concert, conspired to injure Plaintiff, and committed some overt act in furtherance of the conspiracy, which actions deprived Plaintiff of a constitutional right. Therefore, Stevenson and Ward are entitled to summary judgment on Plaintiff's § 1985 claim for conspiracy.

### III. CONCLUSION

Upon careful consideration of the entire record, the court hereby **GRANTS** Defendants' motion for summary judgment with respect to Plaintiff's claims for race discrimination in violation of Title VII and claims pursuant to 42 U.S.C. §§ 1983 and 1985. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour  
MARGARET B. SEYMOUR  
CHIEF UNITED STATES DISTRICT JUDGE

September 17, 2012  
Columbia, South Carolina